UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
MARK KHAFIF,                                                                          CIVIL ACTION NO.
                                                                                      18-CV-04006

                                  Plaintiff,

                                                                                      **SECOND AMENDED**
            -against-                                                                 **VERIFIED COMPLAINT**

THE CITY OF NEW YORK, NYPD POLICE OFFICER
JAMES TITUS, P.O.; NYPD OFFICER SHELDON
MAXWELL; NYPD POLICE OFFICER DANIEL MILLER,
NYPD OFFICER FELIX CHABANOV, NYPD OFFICER LT.
TAEL MAGORI, NYPD POLICE OFFICERS "JOHN and
JANE DOE 4-10", individually and in their official
capacities (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                  Defendants.
--------------------------------------------------------------------------X

            Plaintiff, by his attorneys, LEAV & STEINBERG, L.L.P., as and for his Second Amended

Verified Complaint, respectfully alleges, upon information and belief:

### NATURE OF THE ACTION

            1.        This is an action to recover money damages arising out of the violation of

plaintiff's rights under the Constitution including his rights secured under the laws of the

Constitution of the State of New York. Plaintiff also sues in traditional tort pursuant to pendent

State claims.

### JURISDICTION AND VENUE

            2.        This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

            3.        The jurisdiction of this Court is predicated upon 28 U.S.C §§1331 and 1343.

            4.        Venue is proper in this district pursuant to 28 U.S.C §§ 1391 (b) and (c).

            5.        Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a)

and arises under the doctrine of pendent jurisdiction.

**JURY DEMAND**

6.      Plaintiff demands trial by jury in this action on each and every one of the claims as pleaded herein.

**PARTIES**

7.      Plaintiff Mark Khafif is a male residing in Kings County in the City and State of New York

8.      Defendant City of New York is municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for appointments, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants therein.

9.      Defendant POLICE OFFICER JAMES TITUS, Shield No.3128 ("Titus"), at all relevant herein, was an officer, employee and agent of the NYPD. Defendant Titus is sued in his individual and official capacity.

10.     POLICE OFFICER SHELDON MAXWELL, Shield No.23090 (Maxwell), at all relevant herein, was an officer, employee and agent of the NYPD. Defendant Maxwell is sued in his individual and official capacity.

11.     POLICE OFFICER DANIEL MILLER., Shield No. 24599 (Miller), at all relevant herein, was an officer, employee and agent of the NYPD. Defendant Miller is sued in his individual and official capacity.

12.     POLICE OFFICER FELIX CHABANOV, Shield No. 953739 (Chabanov), at all relevant herein, was an officer, employee and agent of the NYPD.  Defendant Chabanov is sued in his individual and official capacity.

13.     POLICE OFFICER LT. YAEL MAGORI, Shield No.: 942099 (Magori), at all relevant herein, was an officer, employee and agent of the NYPD.  Defendant Magori is sued in his individual and official capacity.

14. At all times herein mentioned, defendant JOHN and JANE DOE 4 through10" were police officers, detectives or supervisors employed by the City of New York. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 4 through 10.

15. At all times herein mentioned, defendant JOHN and JANE DOE 4 through 10 were acting as agents, servants and employees of the City of New York. Defendants John and Jane Doe 4 through 10 are sued in their individual and official capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

17. On April 27, 2017, at approximately 7:00 p.m. plaintiff MARK KHAFIF was lawfully standing in front of his home at 2023 East 12ᵗʰ Street, in the County of Kings, City and the State of New York. Police were called to the residence after a verbal dispute with his wife.

18. At that time officers knocked on Mr. Khafif's door and approximately six uniformed officers entered his home.

19. The officers did not ask any question, but a female officer told the other officers to take the plaintiff outside.

20. The Mr. Khafifwent with the officers voluntarily and was not under arrest.

21. At no time did Mr. Khafif ever threaten, assault or strike defendant officers.

22. Mr. Khafif then received a phone call from his brother-in-law on his cell phone and he answered the phone.

23. Mr. Khafif was telling his brother-in-law that the police where at his house, when an officer standing on his right-hand side without justification snatched the phone away from him.

24. Mr. Khafif asked why his phone was taken away and got no response.

25. The defendant officers then pushed Mr. Khafif twice causing him to fall off the step he was standing on.

26. Then Mr. Khafif was pushed down with four to six officers.

27. Without reasonable suspicion or probable cause to believe Mr. Khafif had committed any crime or offence, defendant arrested Mr. Khafif and tightly handcuffed him.

28. At no time did Mr. Khafif ever resist the defendant officers.

29. Mr. Khafif was then pushed against the brick wall on the side of this house, which caused him to hit his head and be knocked unconscious.

30. Mr. Khafif was then dragged from his property onto the public sidewalk at or near the driveway of his home by the officers and then pushed.

31. An Hatzolah ambulance was called, however when it arrived the officers did not let the ambulance take him to the hospital.

32. A FDNY ambulance arrived and took Mr. Khafif to Maimonides Hospital in Brooklyn.

33. Defendants eventually took Mr. Khafif to the 61st precinct.

34. At the precinct defendants falsely, informed employees of the Kings County District Attorney's Office that they have observed the plaintiff commit various crimes including obstruction governmental administration and resisting arrest.

35. At no point did the defendants ever observe Mr. Khafif commit any crime or offense.

36. Mr. Khafif was arraigned but no bail was set.

37. Mr. Khafif was required to appear in criminal court on multiple occasions, over a period of some nine months, to defend the charges against him.

38. All charges against Mr. Khafif were dismissed in their entirety with him accepting an ACD (Acquittal in Contemplation of Discharge.)

39. Mr. Khafif suffered damage as a result of defendants' actions. Mr. Khafif was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

42. As direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Defendant violated the Fourth and Fourteenth Amendment because they arrested plaintiff without probable cause.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

49. Plaintiff seeks nominal and compensatory damages in an amount that exceeds the jurisdictional minimum of this Court, and in an amount to be fixed by a jury from all defendants', and is further entitled to punitive damages against the individual defendants, in an amount to be fixed by a jury, plus reasonable attorney's fees costs and disbursements in this action.

### FOURTH CLAIM
### Denial of Constitutional Right to Fair Trial

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. The individual defendants created false evidence against the plaintiff.

52. The individual defendants forwarded false evidence to the Kings County District Attorney's Office.

53. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated the plaintiffs right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendment of the United States Constitution.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### First Amendment Retaliation

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

57. The individual defendants have violated the plaintiffs First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment Rights. Defendants' actions were taken in retaliation for the plaintiff's exercising his First Amendment rights.

58. As a consequence of the individual defendants' actions, plaintiff has suffered violation of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure to Intervene

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. Those defendants that were present but not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

62. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixths and Fourteenth Amendments.

63. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Monell

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. This is not an isolated incident.

66. The City of New York ("City"), through policies, practice and customs, directly caused the constitutional violation suffered by the plaintiff.

67. The City, though its police department, has had and still hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

68. The City, through its police department, has a de facto quota policy that encourages unlawful stops, false arrests, sues of excessive force, the fabrication of evidence and surgery.

69. The City, at all relevant times, was, upon information and belief, aware that those individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconditional conduct.

70. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Section 50-e of the General Municipal Law

71. The plaintiff, at all times herein mentioned was and still is a resident of the County of Kings, City and the State of New York.

72. At all times herein mentioned, defendant THE CITY OF NEW YORK (hereinafter referred to as defendant "CITY"), was and still is a municipal corporation duly authorized to and doing business in the County, City and State of New York.

73. That at all times hereinafter mentioned, NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD"), was and still is a public authority and/or agency of the defendant CITY duly authorized to and doing business in the County, City and State of New York.

74. That at all times hereinafter mentioned, the NYPD was a subsidiary, agency and/or otherwise under the auspices and control of the defendant CITY.

75. At all times herein mentioned, the NYPD was and remains a department of defendant CITY.

76. That at all times hereinafter mentioned, defendant CITY was and is responsible for the actions of the NYPD, its agents, servants and/or employees.

77. Prior to the commencement of this action, a notice of claim in writing was served on the defendant CITY on behalf of plaintiff in accordance with Section 50-e of the General Municipal Law.

78. Prior to the commencement of this action, a notice of claim in writing was served on the NYPD on behalf of plaintiff in accordance with Section 50-e of the General Municipal Law.

79. That plaintiff duly presented and served upon defendant CITY their notice of claim and demand for adjustment of damages by serving and filing same upon said defendant within ninety (90) days after the accrual of plaintiff's claims pursuant to the statutes in such cases made and provided.

80. That plaintiff duly presented and served upon the NYPD their notice of claim and demand for adjustment of damages by serving and filing same upon said defendant within ninety (90) days after the accrual of plaintiff's claims pursuant to the statutes in such cases made and provided.

81. That although more than thirty (30) days have elapsed since the presentation and service of the notice of claim and demand for adjustment of damages, defendant CITY has failed to make any adjustments and/or payments of said claim.

82. That although more than thirty (30) days have elapsed since the presentation and service of the notice of claim and demand for adjustment of damages, the NYPD has failed to make any adjustments and/or payments of said claim.

83. The oral examination of the plaintiff pursuant to Section 50-h of the General Municipal Law was held on March 20, 2018.

84. That this action is commenced within one year and ninety days of the date of accrual of plaintiff's claims.

85. That this action is commenced within one year of the date of accrual of plaintiffs claims.

86. At all times herein mentioned, defendant CITY operated and maintained police forces charged with the duty and responsibility of maintaining the peace in the City of New York.

87. At all times herein mentioned, defendant CITY operated, managed and controlled NYPD.

88. At all times herein mentioned, defendant CITY operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

89. At all times herein mentioned, defendant CITY employed police officers.

90. At all times herein mentioned, defendant CITY supervised the NYPD.

91. At all times herein mentioned, defendant CITY supervised the NYPD and its personnel.

92. At all times herein mentioned, defendant CITY supervised the NYPD and its personnel, including its police officers.

93. At all times herein mentioned, defendant CITY supervised the NYPD, and its personnel, including defendant POLICE OFFICER JAMES TITUS.

94. At all times herein mentioned, defendant CITY supervised the NYPD, and its personnel, including defendant POLICE OFFICER SHELDON MAXWELL.

95. At all times herein mentioned, defendant CITY supervised the NYPD, and its personnel, including defendant POLICE OFFICER DANIEL MILLER.

96. At all times herein mentioned, defendant CITY supervised the NYPD, and its personnel, including defendant POLICE OFFICER FELIX CHABANOV.

97. At all times herein mentioned, defendant CITY supervised the NYPD, and its personnel, including defendant POLICE OFFICER LT. YAEL MAGORI.

98. At all times herein mentioned, defendant CITY supervised the NYPD, and its personnel, including defendant POLICE OFFICER "JOHN/JANE DOE 4-1O".

99. At all times herein mentioned, the NYPD employed police officers.

100. At all times herein mentioned, the NYPD supervised its personnel.

101. At all times herein mentioned, the NYPD supervised its personnel, including its police officers.

102. At all times herein mentioned, the NYPD supervised its personnel, including defendant POLICE OFFICER JAMES TITUS.

103. At all times herein mentioned, the NYPD supervised its personnel, including defendant POLICE OFFICER SHELDON MAXWELL.

104. At all times herein mentioned, the NYPD supervised its personnel, including defendant POLICE OFFICER DANIEL MILLER.

105. At all times herein mentioned, the NYPD supervised its personnel, including defendant POLICE OFFICER FELIX CHABANOV.

106. At all times herein mentioned, the NYPD supervised its personnel, including defendant POLICE OFFICER LT. YAEL MAGORI.

107. At all times herein mentioned, the NYPD supervised its personnel, including defendant POLICE OFFICERS "JOHN/JANE DOE 4-1O".

108. At all times herein mentioned, defendant POLICE OFFICER JAMES TITUS was an employee of defendant CITY.

109. At all times herein mentioned, defendant POLICE OFFICER SHELDON MAXWELL was an employee of the NYPD.

110. At all times herein mentioned, defendant POLICE OFFICER DANIEL MILLER was an employee of defendant CITY.

111. At all times herein mentioned, defendant POLICE OFFICER FELIX CHABANOV was an employee of defendant CITY.

112. At all times herein mentioned, defendant POLICE OFFICER LT. YAEL MAGORI was an employee of defendant CITY

113. At all times herein mentioned, defendant POLICE OFFICER "JOHN/JANE DOE 4-1O" were employees of the NYPD.

114. At all times herein mentioned, defendant CITY employed and supervised the defendant POLICE OFFICER JAMES TITUS.

115. At all times herein mentioned, defendant CITY employed and supervised the defendant POLICE OFFICER SHELDON MAXWELL

116. At all times herein mentioned, defendant CITY employed and supervised the defendant POLICE OFFICER DANIEL MILLER.

117. At all times herein mentioned, defendant CITY employed and supervised the defendant POLICE OFFICER FELIX CHABANOV.

118. At all times herein mentioned, defendant CITY employed and supervised the defendant POLICE OFFICER LT. YAEL MAGORI.

119. At all times herein mentioned, defendant CITY employed and supervised the defendant POLICE OFFICERS "JOHN/JANE DOE 4-10".

120. At all times herein mentioned, defendant POLICE OFFICER JAMES TITUS was the employee of defendant CITY, duly appointed and acting as a police officer for the NYPD, and was acting in the course and scope of their employment.

121. At all times herein mentioned, defendant POLICE OFFICER SHELDON MAXWELL was the employee of defendant CITY, duly appointed and acting as a police officer for the NYPD, and was acting in the course and scope of their employment.

122. At all times herein mentioned, defendant POLICE OFFICER DANIEL MILLER was the employee of defendant CITY, duly appointed and acting as a police officer for the NYPD and was acting in the course and scope of their employment.

123. At all times herein mentioned, defendant POLICE OFFICER FELIX CHABANO was the employee of defendant CITY, duly appointed and acting as a police officer for the NYPD and was acting in the course and scope of their employment.

124. At all times herein mentioned, defendant POLICE OFFICER LT. TAEL MAGORI was the employee of defendant CITY, duly appointed and acting as a police officer for the NYPD and was acting in the course and scope of their employment.

125. At all times herein mentioned, defendant POLICE OFFICER "JOHN/JANE DOE 4-10 were employees of defendant CITY, duly appointed and acting as a police officer for the NYPD and was acting in the course and scope of their employment.

126. At all times herein mentioned, defendant POLICE OFFICER JAMES TITUS was the employee of defendant CITY, duly appointed and acting as a police officer for the NYPD

and acting in furtherance of the interests and business of his employer.

127. At all times herein mentioned, defendant POLICE OFFICER SHELDON MAXWELL was the employee of defendant CITY, duly appointed and acting as a police officer for the NYPD and acting in furtherance of the interests and business of his employer.

128. At all times herein mentioned, defendant POLICE OFFICER DANIEL MILLER was the employee of defendant CITY, duly appointed and acting as a police officer for the NYPD and acting in furtherance of the interests and business of his employer.

129. At all times herein mentioned, defendant POLICE OFFICER FELIX CHABANOV was the employee of defendant CITY, duly appointed and acting as a police officer for the NYPD and acting in furtherance of the interests and business of his employer.

130. At all times herein mentioned, defendant POLICE OFFICER LT. YAEL MAGORI was the employee of defendant CITY, duly appointed and acting as a police officer for the NYPD and acting in furtherance of the interests and business of his employer.

131. At all times herein mentioned, defendant POLICE OFFICER "JOHN/JANE DOE 4-10 were the employee of defendant CITY, duly appointed and acting as a police officer for the NYPD and acting in furtherance of the interests and business of his employer.

132. At all times herein mentioned, defendant POLICE OFFICER JAMES TITUS was engaged in conduct incidental to the performance of his functions in the course of his duties as employee of the defendants.

133. At all times herein mentioned, defendant POLICE OFFICER SHELDON MAXWELL was engaged in conduct incidental to the performance of his functions in the course of his duties as employee of the defendants.

134. At all times herein mentioned, defendant POLICE OFFICER DANIEL MILLER was engaged in conduct incidental to the performance of his functions in the course of his duties as employee of the defendants.

135. At all times herein mentioned, defendant POLICE OFFICER FELIX CHABANOV was engaged in conduct incidental to the performance of his functions in the course of his duties as employee of the defendants.

136. At all times herein mentioned, defendant POLICE OFFICER LT. YAEL MAGORI was engaged in conduct incidental to the performance of his functions in the course of his duties as employee of the defendants.

137. At all times herein mentioned, defendant POLICE OFFICER "JOHN/JANE DOE 4-10" was engaged in conduct incidental to the performance of their functions in the course of their duties as employees of the defendants.

138. At all times herein mentioned, defendant POLICE OFFICER JAMES TITUS was engaged in supervisory capacities in the scope of his employment with defendants.

139. At all times herein mentioned, defendant POLICE OFFICER SHELDON MAXWELL was engaged in supervisory capacities in the scope of his employment with defendants.

140. At all times herein mentioned, defendant POLICE OFFICER DANIEL MILLER was engaged in supervisory capacities in the scope of his employment with defendants.

141. At all times herein mentioned, defendant POLICE OFFICER FELIX CHABANOV was engaged in supervisory capacities in the scope of his employment with defendants.

142. At all times herein mentioned, defendant POLICE OFFICER LT. YAEL MAGORI was engaged in supervisory capacities in the scope of his employment with defendants.

143. At all times herein mentioned, defendant POLICE OFFICER "JOHN/JANE DOE 4-10 were engaged in supervisory capacities in the scope of their employment with defendants.

144. The plaintiff was injured as a result of the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees.

145. On April 27, 2017, plaintiff MARK KHAFIF was lawfully standing in front of known as 2023 East 12th Street, in the County of Kings, City and the State of New York.

146. On April 27, 2017, the plaintiff MARK KHAFIF was a lawful citizen abiding by all laws, statutes and ordinances of the State of New York.

147. At the aforesaid time and place certain New York City police officers POLICE OFFICER JAMES TITUS, POLICE OFFICER SHELDON MAXWELL, POLICE OFFICER DANIEL MILLER, POLICE OFFICER FELIX CHABANOV, POLICE OFFICER LT. YAEL MAGORI and POLICE OFFICERS "JOHN/JANE DOE 4-10" were present.

148. At the aforesaid time and place certain POLICE OFFICER JAMES TITUS, POLICE OFFICER SHELDON MAXWELL, POLICE OFFICER DANIEL MILLER, POLICE OFFICER FELIX CHABANOV, POLICE OFFICER LT. YAEL MAGORI and POLICE OFFICERS "JOHN/JANE DOE 4-10" were present in the course and scope of their employment with defendant NYPD.

149. At the aforesaid time and place certain POLICE OFFICER JAMES TITUS, POLICE OFFICER SHELDON MAXWELL, POLICE OFFICER DANIEL MILLER POLICE OFFICER FELIX CHABANOV, POLICE OFFICER LT. YAEL MAGORI and POLICE OFFICERS "JOHN/JANE DOE 4-1O" were present in the course and scope of their employment with defendant with the knowledge, authority, permission and consent of defendant NYPD.

150. At the aforesaid time and place plaintiff was assaulted, attacked, battered, dragged and illegally detained by aforesaid New York City Police Officers.

151. At the aforesaid time and place plaintiff was violently, forcibly and improperly handcuffed by aforesaid New York City Police Officers.

152. At the aforesaid time and place plaintiff was forcibly and improperly handcuffed by said New York City Police Officers and transported to Maimonides Medical Center and then transported to the 61st Pct., where plaintiff was falsely, illegally and wrongfully detained.

153. That on April 27, 2017, plaintiff was wantonly, intentionally, maliciously, illegally, and aggressively assaulted, attacked, battered, struck, and handcuffed by said New York City Police

Officers who used excessive force and violence in their handling and dealing with the plaintiff.

154. At all times herein mentioned, defendants had the duty to ensure that their actions, activities and behavior conformed to a certain standard of conduct established by the law for the protection of civilians, including the plaintiff, against unreasonable risk of harm.

155. That the aforesaid occurrence were caused solely and wholly, through and by reason, of the carelessness, recklessness and negligence of the defendants in failing to instruct or properly instruct their personnel, particularly the police officers involved herein, in the manner in which they were to execute their duties; in failing to supervise, properly supervise and/or adequately supervise its personnel; in hiring employees with known wild and criminal propensities; in failing to employ and/or hire competent, able and/or knowledgeable officers; in failing to train and/or properly train their officers in the proper execution of their jobs; in failing to train, properly train and/or adequately train its police officers, agents, servants and/or employees, in the safe and proper execution of their jobs; in their use of excessive force under the circumstances presented at the time; in violating the applicable laws, statutes, codes, rules, regulations, ordinances, and industry standards in such cases made and provided; in the gross, wanton, reckless and willful acts of defendants, their agents, servants and/or employees; in causing plaintiff grave psychological and emotional injuries; they were otherwise careless, reckless and negligent and failed to exercise reasonable care and prudence, all without any fault or lack of care on the part of plaintiff thereto.

156. That by reason of the foregoing plaintiff was seriously and permanently injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur, further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, all to his great damage.

157. The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602.

158. Due to defendants' negligence, plaintiff is entitled to damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

159. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear adjudicate such claims.

**NINTH CLAIM**
**<u>FALSE ARREST</u>**

160. Plaintiff repeats, reiterates and realleges each and every allegation contained in the First Cause of Action of the within complaint with the same force and effect as though each were more full set forth at length herein.

161. That on April 27, 2017, plaintiff was falsely, illegally and wrongfully arrested by aforesaid Police Officers without probable or just cause or provocation, and detained, transported to Maimonides Medical Center and then to the 61st Police Precinct and imprisoned the plaintiff for an unreasonable period of time thereafter until he was released.

162. That on April 27, 2017, plaintiff was caused to be falsely and wrongfully arrested, handcuffed, detained, imprisoned, incarcerated and deprived of his rights and liberty for an unreasonable period of time until he was discharged.

163. That on April 27, 2017, defendants, their agents, servants and/or employees did falsely, wrongfully, intentionally and maliciously arrest, detain, imprison and incarcerate the plaintiff, depriving him of his civil rights and liberty for an unreasonable period of time, all without any just cause or provocation.

164. That by reason of the foregoing, plaintiff was caused to sustain severe and serious injuries and damages, both mentally and physically, severe nervous shock, emotional distress and illness, was placed in a position of fear for his life and well-being, was subjected to extreme embarrassment, humiliation, scorn and ridicule, defamation of character, and was severely injured

and damaged.

165. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## TENTH CLAIM
## FAILURE TO PROPERLY TRAIN

166. Plaintiff repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action of the within complaint with the same force and effect as though each were more fully set forth at length herein.

167. At all times herein mentioned it was the duty of defendants to select and screen for hiring for retention or discharge as employees those who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated for such employment.

168. At all times herein mentioned, it was the duty of said defendants to properly train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and behaviors of its agents, servants and/or personnel.

169. That by reason of the negligence of defendants in their hiring, monitoring and retention of said employees with knowledge of the unsuitable, unstable and unfitness to act and serve and unfitness to continue to act and serve as employees by reason of the defendants' breach of their duties, the plaintiff was caused to suffer severe injuries and damage, without fault or want of care on the part of the plaintiff in any way contributing thereto, thereby causing him extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries which are permanent in nature and duration.

170. That by reason of the foregoing, plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

171. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear adjudicate such claims.

## ELEVENTH CLAIM
## UNLAWFUL IMPRISONMENT

172. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs of the within complaint with the same force and effect as if fully set forth herein.

173. The defendants issued criminal legal process against the plaintiff for the purpose of forbearing certain acts by the plaintiff.

174. The plaintiff was deprived of his liberty and freedom by way of arrest and confinement.

175. The actions of the defendants causing the plaintiff to be arrested, imprisoned, and prosecuted, were affected for the ulterior purpose of causing plaintiff to be unlawfully deprived of his liberty and civil rights, and to suffer inconvenience, humiliation, shame, embarrassment, damage to his reputation and good name, and to incur legal expenses.

176. The defendants acted with ulterior purpose of causing the plaintiff harm, all the while lacking any economic justification, social excuse, or other justification.

177. The defendants activated the process for a collateral advantage or corresponding detriment to the plaintiff that is outside the legitimate ends of the process.

178. The false arrest, false imprisonment, and wrongful prosecution of plaintiff by the defendants was intentional, without justification or excuse, a misuse of process, and an abuse of judicial process.

179. By reason of the foregoing, the plaintiff sustained actual and special damages, was improperly deprived of his liberty and civil rights, and was caused to incur emotional upset, mental

anguish, embarrassment, shame, humiliation, anguish, injury to reputation, lost earnings, and legal expenses.

180. The limitations set forth in section 1601 of the CPLR do not apply to this action by reason of one or more of the exceptions set forth in section 1602 of the CPLR.

181. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear adjudicate such claims.

## TWELFTH CLAIM
## FAILURE TO INTERVENE

182. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs of the within complaint with the same force and effect as if fully set forth herein.

183. At all times herein mentioned, the defendants were acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of The City of New York and The State of New York.

184. At all times herein mentioned, the defendants' acts constituted state action.

185. On and before April 27, 2017, the defendants developed and maintained policies, customs, and practices exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused a violation of the plaintiff's rights.

186. On and before April 27, 2017, it was the policy, custom, and practice of the defendants to improperly and inadequately investigate citizen and other complaints of police misconduct and acts of misconduct were instead tolerated, including but not limited to, incidents in the past wherein the defendants and their supervisors made false arrests without probable cause and allowed fellow police officers and employees to make false entries in official police department records, to issue false and fraudulent criminal complaints and accusatory instruments, and to cover up and hide wrongful conduct.

187. On and before April 27, 2017, it was the policy, custom, and practice of the defendants to fail to take steps to discipline, train, supervise, or otherwise correct the improper and illegal conduct of the individual defendants in this and similar cases involving misconduct, thereby failing to adequately discharge further constitutional violations on the part of its police officers.

188. On and before April 27, 2017, it was the policy, custom, and practice of the defendants to fail to require appropriate in-service training and re-training of police officers who were known to have engaged in police misconduct.

189. If certain individual defendants did not themselves engage in tortious conduct directed at the plaintiff, those individuals failed to prevent physical battery, arrest, and abuse of the plaintiff, or other tortious conduct by the other individual defendants directed toward the plaintiff, despite having a duty to do so.

190. As a result of the faulty policies, customs, and practices of the defendants, the police officers employed by the defendants believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

191. The defendants' policies, customs, and practices demonstrated a deliberate indifference on the part of the policymakers to the constitutional rights of persons within the City of New York and were the cause of the violations of plaintiff's rights.

192. The plaintiff in no way provoked or encouraged the conduct of the defendants and the defendants' conduct was in no way privileged.

193. The defendants, acting in concert and individually, deprived the plaintiff of his civil, constitutional, and statutory rights, and conspired to deprive plaintiff of such rights under the 15\4th, 5th, 8th, and 14th amendments, and 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, including but

not limited to: the right to be free from arbitrary and groundless arrest, the right to be free from cruel and unusual punishment and summary punishment, the right to be free from unlawful restraints on movement, right not to be subjected to imprisonment without due process of law, the right to enjoy equal protection of the laws, the right to have all legal rights enjoyed by Caucasian persons, the right to be secure in person and property, the right to have persons entrusted with legal authority to act to enforce his civil rights to act to enforce such rights or be themselves adjudicated, the right to be free from excessive and unreasonable force, the right to obtain timely medical treatment, the right to be protected as a prisoner, and the right to be free from conspiracies to violate his civil rights by those acting under color of state law.

194. By reason of the foregoing, the plaintiff was caused to be falsely arrested, illegally deprived of his liberty and civil rights, caused to suffer imprisonment and confinement, caused to be assaulted and battered, wrongfully prosecuted, incapacitated from his usual vocation, and caused to incur emotional upset, mental anguish, embarrassment, shame, humiliation, anguish, injury to reputation, lost earnings, and legal expenses.

195. By reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

196. The limitations set forth in section 1601 of the CPLR do not apply to this action by reason of one or more of the exceptions set forth in section 1602 of the CPLR.

197. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear adjudicate such claims.

## **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff especially requests judgment against defendants as follows:

   a) Compensatory damages against all defendants, jointly and severally;

   b) Punitive damages against the individual defendants, jointly and severally;

c) an order enjoining defendant's from engaging in further bias-based profiling against

plaintiff;

d) A declaration that plaintiffs has been subject to discrimination through bias-based

profiling by defendants;

e) Reasonable attorney's fees and cost pursuant to 28 U.S.C. § 1988; and,

f) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
      December 13, 2018

EDWARD A. STEINBERG (6150)
LEAV & STEINBERG, LLP.
Attorneys for Plaintiff
75 Broad Street, Suite 1601
New York, New York 10004
(212) 766-5222
Our File No.: 176754

## <u>VERIFICATION</u>

STATE OF NEW YORK    )
                     ): ss.:
COUNTY OF NEW YORK  )

EDWARD A. STEINBERG, hereby affirms under penalties of perjury as follows:

That he is a partner of the firm of LEAV & STEINBERG, LLP., attorneys for plaintiff in the within action. That he has read the foregoing **SECOND AMENDED COMPLAINT** and knows the contents thereof and the same is true to his own knowledge except as to the matters therein stated to be alleged upon information and belief and as to those matters he believes it to be true.  That the reason this verification is made by affiant and not by said plaintiff is that plaintiff does not reside in the County wherein your affiant's office is located.

Affiant further states that the source of his information and the grounds of his beliefs as to all matters made on behalf of plaintiff and/or information are contained in your affiant's office.

Dated:  New York, New York
        December 13, 2018

_____
EDWARD A. STEINBERG, ESQ.

Index No:     1:18-cv-04006                    Year:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARK KHAFIF,

Plaintiff,

-against-

THE CITY OF NEW YORK, NYPD POLICE OFFICER JAMES TITUS, NYPD POLICE
OFFICER SHELDON MAXWELL, NYPD POLICE OFFICER DANIEL MILLER,
NYPD POLICE OFFICER FELIX CHABANOV, NYPD POLICE OFFICER LT. YAEL
MAGORI, NYPD POLICE OFFICERS "JOHN and JANE DOE 4-10", individually and in their
official capacities (the names John and Jane Doe being fictitious, as the names are presently
unknown) as employees of the CITY OF NEW YORK and or members and/personnel of the
Police Department of the CITY OF NEW YORK.

Defendants.

---

**SECOND SUPPLEMENTAL SUMMONS AND AMENDED VERIFIED COMPLAINT**

---

# Leav & Steinberg, LLP

*Attorney for Plaintiff*

Office & Post Address, Telephone
75 Broad Street – Suite 1601
New York, NY 10004
Telephone No.: (212) 766-5222

---

To:

---

Service of copy of the within                          is hereby admitted.
Dated,
                                                    _____
                                                    Attorneys for Plaintiff

---

Please take notice

NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on                2018

 NOTICE OF SETTLEMENT
that an order                              of which the within is a true copy will be presented for settlement
to the **HON.**                                                    one of the judges
of the within named court, at
on                    20        at                M.
Dated,                                        Yours, etc.
                                              **LEAV & STEINBERG, LLP**
                                              Attorneys for Plaintiff
                                              Office and Post Office Address
                                              75 Broad Street – Suite 1601
                                              New York, New York 10004